UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL P. KLAHN, SR.**,
**LAURIE KLAHN**,

        Plaintiffs,

        v.

**SANTANDER CONSUMER USA, INC.**,

        Defendant.

Civil Case No. 3:12-CV-01990-KI

OPINION AND ORDER

    Daniel P. Klahn, Sr.
    Laurie Klahn
    55 NE Bridgton Road
    Portland, Oregon  97211

        Pro Se Plaintiffs

Page 1 - OPINION AND ORDER

J. Owen Campbell
Severson & Werson
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California  92612

    Attorneys for Defendant

KING, Judge:

Plaintiffs Daniel and Laurie Klahn and defendant Santander Consumer USA, Inc. ("Santander") have a dispute concerning Santander's efforts to collect a debt the Klahns secured with their Winnebago.  The dispute has now traveled through several state and federal courthouses in California and Oregon, and a similar action remains pending in Alameda County Superior Court in California.  Before the court is Defendant's Motion to Dismiss [15].

## DISCUSSION

I.    <u>Federal Subject Matter Jurisdiction</u>

Although the Klahns allege a single federal claim under the Fair Debt Collection Practices Act ("FDCPA"), they concede preclusion bars the claim based on a ruling by the United States District Court for the Northern District of California in an earlier case between the parties.  The court concluded Santander is not a debt collector under the FDCPA.  <u>Klahn v. Santander Consumer USA, Inc.</u>, 3:12-CV-00836-EDL (N.D. Cal. May 30, 2012), ECF No. 29 (Santander's Req. to Take Judicial Notice Ex. 4).  I dismiss the FDCPA claim.

The Klahns allege diversity jurisdiction exists.  They are now Oregon citizens; Santander explains it is an Illinois corporation with a principal place of business in Texas.  The Klahns allege more than $75,000 in damages.  Diversity jurisdiction exists.

Page 2 - OPINION AND ORDER

II.    <u>Venue</u>

Santander argues I must dismiss the case because venue in Oregon is improper. Santander attacks venue by arguing the First Amended Complaint only alleges conduct that took place in California:  the Klahns bought the Winnebago there, registered it there, defaulted on the payments there, and suffered debt collection violations there.  The Klahns dispute they ever defaulted on the debt but, more importantly for the venue analysis, explain in their brief that Santander continued its debt collection efforts after the Klahns moved to Oregon.  I will assume they could amend their allegations to include Oregon conduct.

The venue statute states:

> (b) Venue in General.–A civil action may be brought in–
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> (c) Residency.–For all venue purposes–
>
> . . . .
>
>> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, *shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question* and, if a plaintiff, only in the judicial district in which it maintains its principal place of business;

Page 3 - OPINION AND ORDER

28 U.S.C. § 1391 (emphasis added).

As a corporation, Santander is also considered a resident of Oregon if this court has personal jurisdiction over it. There is no record before me suggesting Santander is not subject to personal jurisdiction in Oregon. Thus, even if I concluded that a substantial part of the events at issue did not take place in Oregon, venue is proper in Oregon because Santander likely resides in Oregon, as well as in Texas and Illinois. Accordingly, I will not dismiss the case because venue is improper.

II.     Forum Shopping

Santander alternatively contends the Klahns are engaging in impermissible forum shopping. It notes the Klahns previously filed actions against Santander in the Small Claims Court in Alameda County, California; in Alameda County Superior Court in California; and in the United States District Court for the Northern District of California. The court consolidated the small claims action with a breach of contract action Santander filed against the Klahns in Alameda County Superior Court, and the consolidated action is still pending. The other two actions filed by the Klahns have been dismissed.

I am concerned about inconsistent rulings in this action and the pending California action, but none of the abstention doctrines appear to apply. Moreover,

> Where concerns of comity are absent, "the 'mere potential for conflict in the results of adjudications' is not the kind of 'interference' that merits federal court abstention. Rather, the possibility of a race to judgment is inherent in a system of dual sovereigns." Green, 255 F.3d at 1097 (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 816, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)) . . . .

Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 883 n.8 (9th Cir. 2011).

Page 4 - OPINION AND ORDER

Nevertheless, I want to avoid duplicated work in two courthouses, if possible. I will hold a telephone conference to see if the parties can agree to litigate the entire dispute in one court or the other or, alternatively, wish to try settlement discussions with the assistance of a mediator.

## CONCLUSION

Defendant's Motion to Dismiss Pursuant to FRCP Rule 12(b)(1) and (6)[15] is denied in part. I dismiss the Fair Debt Collection Practices Act claim.

IT IS SO ORDERED.

Dated this _____6th_____ day of March, 2013.

                                               /s/ Garr M. King
                                               Garr M. King
                                               United States District Judge