UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL P. KLAHN, SR.;**,
**LAURIE KLAHN**,
    Plaintiffs,

    v.

**SANTANDER CONSUMER USA, INC.**,

    Defendant.

Civil Case No. 3:12-CV-01990-KI

OPINION AND ORDER

  Daniel P. Klahn, Sr.
  Laurie Klahn
  55 NE Bridgton Road
  Portalnd, Oregon  97211

   Pro Se Plaintiffs

Page 1 - OPINION AND ORDER

J. Owen Campbell
Severson & Werson
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California  92612

    Attorneys for Defendant

KING, Judge:

Pro se plaintiffs Daniel P. Klahn, Sr. and Laurie Klahn, a married couple, bring this case against Santander Consumer USA, Inc. ("Santander") for its actions while trying to collect the debt incurred when the Klahns purchased a Winnebago recreational vehicle.  This dispute has traveled through numerous courthouses in two states.  Before the court is Defendant Santander Consumer USA, Inc.'s Motion for Summary Judgment [40].  For the reasons below, I grant the motion and dismiss this case with prejudice.

## FACTS

The Klahns bought a Winnebago in 2006 under an installment sales contract with the dealer.  The dealer assigned the contract and security interest to Thor Credit Corporation, which subsequently assigned it to GEMB Lending, Inc. ("GEMB").  Laurie Klahn is the actual purchaser of the Winnebago; Daniel Klahn is not a party to the sales contract.  The Winnebago is registered to Laurie Klahn alone.

GEMB repossessed the Winnebago in February 2011.  The Klahns redeemed the loan on March 6, 2011 and picked up the vehicle.  They also allegedly made March and April payments to GEMB.

Santander purchased the loan on March 1, 2011.  According to its records, the loan has been past due since April 1, 2011.

Santander telephoned the Klahns on March 26, 2011 to complain the loan was past due 45 days.  The long-running dispute between Santander and the Klahns is based on whether the Klahns made the March and April 2011 payments to GEMB and whether GEMB turned those payments over to Santander.

On March 20, 2012, Santander sued Laurie Klahn for breach of contract in the Superior Court of California for the County of Alameda.  <u>Santander Consumer USA, Inc. v. Laurie A. Klahn</u>, No. HG12622151 ("California Action").  On March 22, 2013, that Court entered a Judgment by Default against Laurie Klahn for the principal of $64,632.55, attorney fees of $48,713.25, interest of $11,506.31, and costs of $395.00.

The Klahns allege three claims for relief in this action.[1]  In the first claim, the Klahns allege Santander is negligent by failing to use reasonable care in refusing to transfer the Winnebago's title from California to Oregon in August 2011 and in refusing to accept payments or send monthly billing statements since then.

The Klahns' second claim is for breach of a fiduciary and confidential relationship duty.  They allege Santander breached its duty by disclosing the status of the loan on the Winnebago to noninterested third parties from April 2011 through January 2012.

In the third claim, the Klahns allege Santander breached the implied covenant of good faith and fair dealing through its conduct alleged in the other two claims.

---

[1] I dismissed a fourth claim alleged under the Fair Debt Collection Practices Act on March 6, 2013.

Page 3 - OPINION AND ORDER

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine dispute of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

**DISCUSSION**

The parties have not briefed whether California or Oregon law applies, and they cite to both. The Klahns appear to have moved from California to Oregon in December 2011, see First Amended Complaint at 12-13, but it is unclear. Because the Klahns bought the Winnebago in California, and the payment dispute started when they were in California, I will apply California law.

I.     Claims Alleged by Daniel Klahn

Santander notes Daniel Klahn is not a party to the sales contract and thus, has no relationship with Santander. Santander argues Daniel Klahn does not have standing to allege any of the claims in this action.

Daniel Klahn notes his 33 years of marriage to Laurie and maintains he can bring his claims because he owes a debt through community property ownership.

Under California's community property laws, the "community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." Cal. Fam. § 910(a). Although Daniel is liable for the debt, he is still not a party to the contract.

Several California cases have refused to allow the spouse of an insured to sue an insurer for failure to pay benefits to the insured spouse, even when the insurance premiums were paid with community funds. "Whatever plaintiff's property rights with respect to the policies and their proceeds may be, the fact remains that she is not a party to the contracts." Austero v. Nat'l Cas. Co. of Detroit, Michigan, 62 Cal. App. 3d 511, 517 (Cal. Ct. App. 1976) (wife could not sue health insurer for breach of the implied duty of good faith and fair dealing when the insurer refused to pay benefits to the insured husband; the duty is tied to the underlying contractual relationship); Hatchwell v. Blue Shield of Cal., 198 Cal. App. 3d 1027, 1036 (Cal. Ct. App. 1988) (wife could not bring claims of breach of contract, bad faith conduct by an insurer, breach of fiduciary duties, breach of implied warranty, and negligence against health insurer for its failure to pay benefits to her insured husband).

Daniel Klahn's situation is no different. Because he is not a party to the contract, he cannot sue to enforce it and cannot sue for any damages caused by Santander in its attempts to collect the debt.

Daniel Klahn alternatively argues he can bring his claims because Laurie Klahn gave him full power of attorney to act on her behalf for all matters related to the Winnebago. Although

this would give Daniel Klahn the right to step into the shoes of Laurie Klahn, the power of attorney does not enlarge the claims belonging to Daniel Klahn.

Moreover, the reasons I explain below for dismissing Laurie Klahn's claims also apply to Daniel Klahn's claims, even if he was a party to the sales contract and had standing to bring them.

In sum, I grant summary judgment and dismiss all of Daniel Klahn's claims.

II.     Claims Alleged by Laurie Klahn

A.     Negligence

To prove a negligence claim in California, a plaintiff must show the "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." Hayes v. Cnty. of San Diego, 57 Cal. 4th 622, 688 (Cal. 2013).

Klahn alleges Santander is negligent by failing to use reasonable care in refusing to transfer the Winnebago's title, refusing to accept payments, and refusing to send monthly billing statements. Any duty Santander owed Klahn to do these things was a contractual duty only. Thus, Klahn could allege a breach of contract claim if Santander failed to take an action the contract required it to take, but not a negligence claim. Accordingly, I grant summary judgment and dismiss Klahn's negligence claim.

B.     Breach of a Fiduciary and Confidential Relationship Duty

Klahn alleges Santander breached this duty by disclosing the status of the loan to noninterested third parties.

"[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which

imposes that undertaking as a matter of law." City of Hope Nat'l Med. Ctr. v. Genentech, Inc., 43 Cal. 4th 375, 386 (Cal. 2008). Examples of fiduciary relationships include joint ventures, partnerships, guardian and ward, trustee and beneficiary, principal and agent, or attorney and client. Id.; Richelle L. v. Roman Catholic Archbishop, 106 Cal. App. 4th 257, 271 (Cal. Ct. App. 2003). A confidential relationship can be founded on a moral, social, domestic, or personal relationship "where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he [or she] voluntarily accepts or assumes to accept the confidence, can take no advantage from his [or her] acts relating to the interest of the other party without the latter's knowledge or consent[.]" Richelle L., 106 Cal. App. 4th at 270-71 (internal quotation omitted).

There are limits, however. The special relationship doctrine does not extend to "commercial contractual relationships[.]" Girard v. Delta Towers Joint Venture, 20 Cal. App. 4th 1741, 1749 (Cal. Ct. App. 1993). More specifically, the relationship between a lending institution and its borrower is not a fiduciary one. Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (Cal. Ct. App. 1991). Klahn's relationship with Santander is a garden variety lender/borrower relationship, and no fiduciary duties arise from it.

Consequently, I grant summary judgment and dismiss Klahn's breach of fiduciary duty claim.

C.     Breach of the Implied Covenant of Good Faith and Fair Dealing

On March 20, 2012, Santander sued Klahn in the California Action for breach of contract. Klahn filed this federal action on November 6, 2012. On March 22, 2013, the California court entered a Judgment by Default against Klahn. Santander argues claim preclusion bars Klahn's

Page 7 - OPINION AND ORDER

claim for breach of the implied covenant of good faith and fair dealing alleged in the federal action.

Claim preclusion bars relitigating the same cause of action in a second suit between the same parties or parties in privity. Planning and Conservation League v. Castaic Lake Water Agency, 180 Cal. App. 4th 210, 226 (Cal. Ct. App. 2009).

> Claim preclusion applies when (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. Upon satisfaction of these conditions, claim preclusion bars not only issues that were actually litigated but also issues that could have been litigated.

Id. (internal quotation and citation omitted).

The elements are all satisfied. The decision is considered final and on the merits because a default judgment is given preclusive effect. Martin v. Gen. Fin. Co., 239 Cal. App. 2d 438, 443 (Cal. Ct. App. 1966). The parties are the same. The cause of action is the same–a dispute over the debt and its collection. Klahn could have raised this claim in the California Action but chose not to do so. Consequently, she is barred from raising it now. I grant summary judgment and dismiss the claim for breach of the implied covenant of good faith and fair dealing.

Additionally, claim preclusion would bar Klahn's two claims discussed above, if they did not have other fatal flaws.

///

///

Page 8 - OPINION AND ORDER

## CONCLUSION

Defendant Santander Consumer USA, Inc.'s Motion for Summary Judgment [40] is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this     19th     day of September, 2013.

                                           /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge